### DELLA-DONNA v. GORE NEWSPAPERS COMPANY, etc., et al.
Case No. 80-5162 CD
Seventeenth Judicial Circuit, Broward County
September 7, 1983

Ray Ferrero, Jr., Ferrero, Middlebrooks & Strickland, for defendant.

Jonathan W. Lubell and Robert J. O'Toole, for plaintiff.

Scott A. DiSalvo and Karen Coolman Amlong, for Hamilton Forman.

J. GAIL LEE, Circuit Judge.

This cause came on for consideration before the Court upon the Motion of Defendant Gore Newspapers Company (Gore) for Summary Judgment. Discovery has been conducted by all parties. The Court having considered the pleadings, affidavits, depositions and exhibits attached thereto, having had the benefit of written memoranda filed by both parties and having heard oral arguments and being fully informed in the premises hereby finds the following:

Plaintiff, Alphonse Della-Donna, charged that the Defendant, Gore, libeled him in a series of articles which ran in the Fort Lauderdale News

from May 6, 1978 to February 13, 1979. The articles concerned an ongoing controversy over the final disbursement of a 14.5 Million Dollar gift to Nova University, a private university located in Broward County, and the composition of the Nova Board of Trustees. The Plaintiff, an attorney, was one of three trustees of the 'Unitrust' established by Leo Goodwin, Sr., founder of GEICO Insurance Company, and personal representative of the Leo Goodwin, Sr. Estate.

Some of the salient facts regarding the gift dispute are as follows:

On April 19, 1978, Plaintiff sent a letter to Abraham Fischler, President of Nova, charging "a fradulent misrepresentation" and threatening to set aside the selection of Nova as donee of the Unitrust unless changes in the composition of the Nova Board of Trustees were made to ensure local control.

On April 25, 1978, Dr. David Salten, a Nova and NYIT Trustee, delivered a statement to the Nova Trustees critical of Nova and of Plaintiff's demands.

A petition was filed in Broward County Circuit Court by Nova on April 25, 1978, requesting that the funds be disbursed, and a press release regarding the filing of the petition was simultaneously issued by Nova.

In the ensuing days, several articles appeared in which Plaintiff's positions were reported and his statement quoted.

On May 3, 1978, the Fort Lauderdale News took an editorial position on the gift dispute which supported the Plaintiff's views.

On the same day, Plaintiff made available to the Defendant, Gore, a four-page document and a memorandum dated March 27, 1978, containing two options he had presented to Nova. These facts were reported by Gore.

On May 4, 1978, Plaintiff caused to be filed on behalf of the Estate of Leo Goodwin, Sr. a Complaint for Declaratory Judgment seeking Court approval of the recision of Nova as a donee of the Unitrust. The Complaint charges in part that Nova had made a fraudulent misrepresentation of material fact concerning the managmement and control of Nova. The filing of that Complaint and the charges contained therein were reported by Gore on May 5, 1978.

Based upon the entire record before the Court, the Court finds as a matter of law that the Plaintiff, Alphonse Della-Donna, was a limited public figure in a matter of public controversy within the context of this lawsuit. *Arnold v. Taco Properties, Inc.,* 427 So.2d 216 (Fla. 1st DCA 1983).

Additionally, it is clear that the Plaintiff, Alphonse Della-Donna, if he did not actually initiate the controversy out of which all of this arose, at the very least, voluntarily injected himself into the vortex of the public controversy concerning the gift to Nova. *Curtis Publishing Co. v. Butts*, 388 U.S. 130 (1967), *Gertz v. Robert Welch*, 418 U.S. 323 (1974). In *Curtis*, the Supreme Court ruled that those who "voluntarily inject their personality into the 'vortex' of an important public controversy are to be deemed limited public figures."

As a limited or 'vortex' public figure, Plaintiff is required to show that the allegedly defamatory statements were published with "actual malice." "Actual malice" is defined as publication "with knowledge that it was false or with reckless disregard of whether it was false or not," *New York Times v. Sullivan*, 376 U.S. 254 (1964). The extensive discovery conducted by the parties as evidenced by the record before the Court has failed to demonstrate by clear and convincing evidence that Defendant published the articles knowing they were deliberately false or published recklessly with serious doubts as to the truth of the statements made. *St. Amant v. Thompson*, 390 U.S. 727 (1968). In fact, it is clear that there is absolutely no showing of actual malice that would give rise to a cause of action on behalf of a limited public figure.

There being no genuine issue as to any material fact before the Court, the moving party is, therefore, entitled to judgment as a matter of law. Fla.R.Civ.P. 1.510(c).

ORDERED AND ADJUDGED that the Defendant's Motion for Summary Judgment be and the same is hereby granted as to all Counts of Plaintiff's Complaint, and that Final Summary Judgment is hereby granted for the Defendant, Gore, and against the Plaintiff, Alphonse Della-Donna, and Defendant Gore shall go hence without day. The Court retains jurisdiction of this cause for the assessment of taxable costs upon proper motion and notice by the Defendant, Gore.